**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APL MICROSCOPIC, LLC, | No. 21-55745 |
| Plaintiff-Appellant, | D.C. No. 8:21-cv-00356-DOC-DFM |
| v. | |
| DAVID A. STEENBLOCK, D.O., INC., DBA Stem Cell Medical Solutions; DAVID A. STEENBLOCK, DBA Stem Cell Medical Solutions, D.O., individually, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 21, 2022
Pasadena, California

Before: WARDLAW and IKUTA, Circuit Judges, and VRATIL,** District Judge.

APL Microscopic, LLC (APL) appeals the district court's dismissal of its

copyright infringement action against David A. Steenblock, D.O., Inc. (Steenblock,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Inc.) and Dr. David A. Steenblock (Dr. Steenblock) (collectively, Steenblock). APL contends that Steenblock infringed its copyright by posting versions of microscopic photographs (the Works) created by APL's owner, Andrew Paul Leonard (Leonard), on Steenblock's Facebook and Instagram pages.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's statutory standing determination, *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015), and its grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 413 (9th Cir. 2020). We reverse.

1. The district court erred in holding that APL lacked statutory standing under the Copyright Act of 1976. Only "[t]he legal or beneficial owner of an exclusive right under a copyright" has standing to bring a copyright infringement action under the Act. 17 U.S.C. § 501(b). However, exclusive rights can be freely transferred from the copyright owner to a third party through assignment, designating that third party as "[t]he legal or beneficial owner." *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 645 (9th Cir. 2020).

The copyright registrations attached to APL's amended complaint constitute "prima facie evidence" that Leonard owned the Works, *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1144 (9th Cir. 2019) (quoting 17

2

U.S.C. § 410(c)), and the parties do not dispute that Leonard is their original owner and creator. The amended complaint states that Leonard's Works "were assigned to APL," and that "[a]t all relevant times APL was the owner of the copyrighted Works at issue in this case." These allegations are sufficient to allege APL's ownership. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1237 (4th ed. 2022) ("Complaints simply alleging present ownership by the plaintiff . . . have been held sufficient under the rules.").

The district court faulted APL for "not offer[ing] evidence that such assignment occurred," but evidence is not required at the motion to dismiss stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim for relief that it is plausible on its face."). Accordingly, APL properly alleged ownership of the Works, and therefore has statutory standing to sue.

2. For similar reasons, the district court erred in dismissing APL's claim for direct copyright infringement. "To establish a prima facie case of direct copyright infringement, [a party] must show that he owns the copyright, and that [the alleged infringer] violated one of the exclusive rights in copyright set forth in 17 U.S.C. § 106." *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1071 (9th Cir. 2021) (citations omitted).

As stated above, APL sufficiently alleged ownership of the Works. And

contrary to the district court's reasoning, APL plausibly alleged that Steenblock controlled the social media pages on which the infringing works appeared. The screenshots APL attached to the amended complaint depict Facebook and Instagram profiles that display Steenblock's business address and contain the phrase "Stem Cell Medical Solutions," a business name similar to one of the URLs for Steenblock's website, www.stemcellmd.org. The Instagram profile specifically names "Dr. David A. Steenblock" and uses "Personalized Regenerative Medicine," a phrase that appears on Steenblock's website. The screenshots also portray cropped versions of the Works posted by those profiles. Taking these facts as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), APL plausibly alleges that Steenblock controlled sites that published versions of the Works in violation of APL's copyrights.

In dismissing APL's direct infringement claim, the district court reasoned that because "[a]ny layperson can create a Facebook or Instagram page and include links on those pages to third-party websites," and because other documents in the record demonstrate that Steenblock denied owning the social media pages, the screenshots do not create a plausible claim for relief. But the court may not dismiss a plaintiff's claims simply because it doubts their veracity. Even if it is true that phishing schemes are commonplace today, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

4

improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted).

 3. The district court also incorrectly dismissed APL's claim for the improper removal of copyright management information (CMI) under 17 U.S.C. § 1202(b). APL alleged facts indicating that Steenblock either intentionally "remove[d] or alter[ed]" APL's CMI itself, or distributed the Works knowing that the CMI had been removed or altered beforehand. *See* 17 U.S.C. § 1202(b). APL provided original images of the Works bearing the watermark "© 2001 Andrew Paul Leonard," and screenshots of the Works on Steenblock's social media pages without that watermark. Because APL plausibly alleges that Steenblock controlled the social media pages, and the Works are missing the watermark when presented on those pages, we can draw a "reasonable inference" that Steenblock knowingly removed the CMI. *See Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1188–89 (9th Cir. 2016) (finding circumstantial evidence sufficient to support a § 1202(b) claim).

 4. The district court also improperly dismissed APL's vicarious and contributory liability claims. It found that these claims were insufficiently alleged because "nothing in the record" indicated or "conclusively demonstrate[d]" that Steenblock controlled the social media pages or allowed for the distribution of the Works on those sites. But APL need not "conclusively demonstrate" anything at

5

the pleading stage. *See Twombly*, 550 U.S. at 570. Steenblock conceded at oral argument that, even if it did not post the Works to the social media pages, some third party must have done so. Given that the amended complaint sufficiently alleges that Steenblock controlled those pages, APL plausibly alleges that Steenblock "ha[d] a right and ability to supervise" any infringement, including by a third party, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 545 U.S. 913, 930 & n.9 (2005), and "materially contribut[ed]" to it, *Cobbler Nevada, LLC v. Gonzalez*, 901 F.3d 1142, 1147 (9th Cir. 2018) (citations omitted).

5. Because we find that the amended complaint, as alleged, survives Steenblock's motion to dismiss, we do not reach the question of whether the district court should have granted APL leave to amend.

**REVERSED AND REMANDED.**